## Morfi v. The Fajardo Development Co.

### Apelación procedente de la Corte de Distrito de Humacao.

No. 596.—Resuelto en junio 19, 1911.

Injunction—Súplica de la Demanda—Injunction Perpetuo e Injunction Preliminar.—Apareciendo de la súplica y de las alegaciones hechas en una demanda que a la vez que se pide un *injunction* perpetuo se formula una petición concreta de un auto de *injunction* preliminar, no comete error el tribunal al ordenar la comparecencia de la parte demandada para mostrar causa que impidiera la concesión del *injunction* solicitado y puede dicho tribunal resolver, como resolvió en el caso de autos, denegando el *injunction* preliminar, sin decidir la demanda de *injunction* perpetuo, aunque es posible que ésta haya sido prejuzgada por la denegatoria del *injunction* preliminar.

Id.—Comparecencia para Exponer Razones—Defecto de Partes Demandantes.—No comete error el tribunal que en el acto de la comparecencia de la parte demandada para demostrar razones por las cuales no debía concederse el *injunction* preliminar, permite que se discutan las excepciones previas propuestas por la parte demandada, de que la demanda adolece del defecto de partes demandantes, máxime, teniendo en cuenta que el demandante solicitó y obtuvo permiso para enmendar su demanda, lo cual verificó, enmendándola, y por tanto no es revisable la resolución declarando con lugar dicha excepción previa.

Id.—Comparecencia para Mostrar Razones—Discreción del Tribunal—Fijación de la Fecha.—La corte puede discrecionalmente fijar la fecha que crea conveniente, y aún anteponer o posponer la ya señalada para la comparecencia de la parte demandada para mostrar razones por las cuales no debe decretarse el *injunction* preliminar, y no comete error el tribunal que al presentar la parte demandada una moción para que se deje sin efecto la orden de entredicho expedida, antepone la comparecencia ya señalada para mostrar razones y fija el mismo día para la vista de la moción y la comparecencia para mostrar razones, del demandado.

Id.—Moción para Dejar Sin Efecto el Entredicho—Notificación con Cinco Días.—No es necesario que la notificación de una moción para dejar sin efecto el entredicho se haga con cinco días de anticipación, pues el procedimiento de *injunction* es especial y sumarísimo, y no puede sujetarse estrictamente a todos los trámites del procedimiento ordinario.

Id.—Suspensión de la Vista a Instancia del Demandante—Discreción del Tribunal—Indefensión del Demandante.—No comete abuso de discreción el tribunal que deniega la suspensión de la comparecencia para mostrar razones del demandado, por el fundamento de que la orden de señalamiento fué notificada personalmente al demandante en la noche anterior y nó a sus abogados, quienes por tanto no estaban preparados para su defensa, pues es de presumirse que la parte demandante estaba preparada para el debate desde que

formuló su petición de *injunction,* y así lo demuestra en este caso·el hecho de haber propuesto pruebas sin demostrar que hubiera dejado de proponer otras por falta de tiempo.

Id. — Resolución del Injunction Preliminar — Alcance de la Resolución.—Para apreciar el alcance de una decisión judicial, debe tenerse en cuenta la parte dispositiva de la misma y en este caso la sentencia recurrida se limita a declarar sin lugar la orden de entredicho, sin que haya sido resuelta la demanda de *injunction* perpetuo.

Id.—Concesión del Auto de Injunctión—Discreción del Tribunal—Gran Cautela para Decretarlo.—La concesión de un *injunction* temporal descansa en la discreción de la corte, que debe ejercitarse en favor de la parte que puede resultar mas perjudicada, y los mandamientos de *injunction* no deben concederse sino con gran cautela, y solamente en casos donde la razón y la necesidad sean claras.

Id.—Construcción de Ferrocarriles—Posesión del Terreno por Cuatro Años—Título de Compraventa por Documento Privado.—De acuerdo con la anterior doctrina no comete abuso de su facultad discrecional el tribunal que deniega el *injunction* preliminar contra una compañía que según las pruebas practicadas, hace más de cuatro años está en posesión del terreno de que se trata, y que sobre ese terreno ha construído parte de la línea de su ferrocarril, cuyo terreno forma parte de una finca de mayor cabida perteneciente a la sucesión del causante de los demandantes, basándose aquella posesión en documento privado alegado como título de compraventa.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. Luis Muñoz Morales.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Con fecha 1 de junio de año próximo pasado, Joaquín Germán Morfi presentó demanda jurada a la Corte de Distrito del Distrito Judicial de Humacao contra "The Fajardo Development Co.," para que se dictara sentencia ordenando a la·corporación demandada que desocupe la finca descrita en dicha demanda, y se abstenga de hacer o ejecutar en ella obra alguna, debiendo mientras tanto el tribunal dictar una orden de *injunction* preliminar para que dicha demandada, ya por sí, ya por mediación de sus agentes, empleados, sirvientes, encargados, oficiales, o cualquiera persona o personas a sus órdenes o bajo su gobierno o administración, se abstengan de penetrar, trabajar, realizar cualquier acto en su beneficio, mover o hacer mover sus ferrocarriles o máquinas

de transporte o carga dentro de la porción de terreno descrita, hasta que recaiga sentencia definitiva u otra cosa se decrete, con las costas que se originen en la acción a cargo de la demandada.

Alega el demandante que la compañía demandada es una corporación extranjera que hace operaciones y tiene oficina abierta en esta Isla, donde se dedica a la industria ferroviaria; que la demandada es dueña de un ferrocarril que hace operaciones entre la Central "Fajardo Sugar Co." y la playa o puerto de Fajardo, teniendo establecido un ramal para sus fines y usos particulares; que el demandante es dueño en unión de su madre y hermanos, de una finca rústica compuesta de 18 cuerdas de terreno más o menos, bajo las colindancias que se expresan en la demanda; que esa finca pertenece al demandante en común y proindiviso con su madre y hermanos; que el demandante era menor de edad hasta hacía pocos meses, y acababa de llegar a la mayoría de edad, no habiendo transmitido ni enajenado el derecho sobre sus bienes, ni concedido tribunal alguno autorización para ello; que la demandada, sin el consentimiento del demandante ni título para ello, se introdujo en el terreno mencionado y había construído y estaba construyendo obras sobre él, moviendo además un ferrocarril de carga para sus usos particulares o públicos, no habiendo obtenido orden de expropiación forzosa sobre el demandante; que la porción de terreno que estaba ocupando la demandada se extiende a lo largo de la finca, atravesándola de un extremo a otro, lo cual ocasiona al demandante perjuicios que no pueden justipreciarse en cantidad determinada de dinero, y sin que el demandante pueda utilizar la finca en toda la plenitud de su derecho; que la demandada se ha negado obstinadamente a dejar libre el terreno en cuestión; y que el demandante no podría ser compensado con dinero por los actos que en su finca realiza la compañía demandada, y carece además de un remedio en ley, adecuado, rápido y eficaz, de que pueda valerse para defender sus dere-

chos contra la demandada y evitar la continuación de los actos que estaba realizando.

La corte por orden de la misma fecha 1º. de junio, dispuso, que la demandada compareciera en la sesión del día 9 del propio mes a mostrar causa por las que no debiera concederse el *injunction* solicitado, y a la vez dispuso que provisionalmente la compañía demandada y sus representantes, mandatarios o empleados, quedaran en entredicho, absteniéndose por sí o por medio de otras personas, de penetrar, trabajar o realizar cualquier acto en su beneficio y de mover o hacer mover sus ferrocarriles o máquinas de transporte o carga dentro de la porción de terreno de que se trata, cuyo estado de entredicho subsistiría hasta nueva orden mediante fianza de mil dollars. Esa fianza fué prestada en forma debida.

Presentó moción la parte demandada para que se dejara sin efecto la orden de entredicho, y entonces la corte en tres de junio ordenó que comparecieran las partes el día seis para ser oídas, tanto respecto de la moción como de la petición de *injunction* preliminar, para cuya vista se había señalado antes el día nueve. Esa orden fué notificada personalmente a Joaquín Germán Morfi el mismo día en que fué pronunciada.

En el día señalado, 6 de junio, tuvo lugar la vista dispuesta, y en virtud de las alegaciones, pruebas e informes de ambas partes, recayó al día siguiente la orden que transcribimos a continuación:

"La corte estima que de la prueba presentada se ve claramente que los demandados, o sea *Fajardo Development Company* han estado en posesión quieta y pacíficamente por espacio de cuatro años más o menos, en cuyo tiempo han construído su ferrocarril, y como quiera que de la prueba presentada surge la disputa de si el título y la posesión de los demandados es válido y efectivo, la corte estima que las partes deben ir a su remedio ordinario por medio de una acción reivindicatoria o de nulidad o de desahucio, o por el medio que ellas estimen oportuno, y en ese sentido no procede el *injunction* preliminar, fundada en las autoridades citadas por la parte demandada y fundada también en Spelling, pág. 233, Tomo 1º.

"Se declara por tanto sin lugar la orden de entredicho solicitada, y se rehusa conceder el *injunction* preliminar, sin especial condenación de costas."

Contra esa orden interpuso la representación de la parte demandante recurso de apelación para ante esta Corte Suprema, sometido a nuestra consideración después de oídas las alegaciones así escritas como orales de ambas partes.

La parte apelante consigna en su alegato como motivos del recurso, los siguientes:

1°. Que la corte cometió error al considerar la demanda como una simple petición de *injunction,* cuando en realidad se solicitaba un *injunction* perpetuo, y como remedio momentáneo un auto de *injunction* preliminar.

2°. Que la corte cometió error al permitir que en la comparecencia para exponer razones por las cuales no debía otorgarse el *injunction* preliminar, se discutieran las excepciones previas propuestas por la parte demandada.

3°. Que la corte cometió error al declarar con lugar la excepción previa de defecto de partes demandantes.

4°. Que la corte cometió error al señalar el día 6 de junio para discutir el *injunction* preliminar solicitado y la suspensión de la orden de entredicho, cuando para el primer acto había señalado el día 9 del propio mes.

5°. Que la corte cometió error al no acceder a la suspensión de la vista señalada para el día 6 de junio, pues semejante abuso de discreción constituyó un estado de indefensión a la parte demandante.

6°. Que la resolución definitiva es errónea porque resolvió el pleito sobre sus méritos en la primera comparecencia de las partes, y porque en el presente caso el demandante probó su título sobre el inmueble, mientras que la corporación demandada sólo intentó probar que de buena fe se había introducido en el terreno, sin que así fuera en realidad, pues no presentó documento alguno que lo justificara.

7°. Que el hecho de estar la corporación demandada desde

hace algún tiempo disfrutando del terreno en cuestión, no es óbice para que se declare sin lugar el *injunction* solicitado.

Examinemos los motivos legales del recurso:

La corte no cometió, al dictar la orden recurrida, el primer error que se le atribuye, pues la súplica de la demanda y las alegaciones hechas demuestran que a la vez que se presentó una demanda de injunction perpetuo, se formuló en la misma una petición concreta de un auto de *injunction* preliminar. A esa petición se dió la tramitación que marca la ley especial sobre la materia, aprobada en 8 de marzo de 1906; y sujetándose a ella, ordenó la corte la comparecencia de la parte demandada para mostrar causa que impidiera la concesión del *injunction* solicitado, después de cuya comparecencia y de oídas las alegaciones y pruebas propuestas fué denegada la petición de *injunction* preliminar. Esa petición fué la que resolvió la corte en la orden recurrida. La demanda de *injunction* perpetuo aun no ha sido decidida, por más que es posible haya sido prejuzgada por la corte inferior al denegar el auto de *injunction* preliminar.

En cuanto al segundo error en que se basa el recurso, entendemos que huelga considerarlo, pues la mera discusión de una excepción previa no lastima derecho alguno; lo que puede lastimar el derecho de la partes es la orden resolutoria de la excepción.

La corte inferior declaró con lugar la excepción previa de defecto de partes demandantes, y en virtud de esa resolución la parte demandante solicitó permiso para enmendar su demanda en el sentido de intercalar los nombres de los demás condueños en la finca, como partes en la acción, quedando en virtud de la enmienda cambiado el título de la acción en la siguiente forma: "Joaquín Germán Morfi y Justa del Carmen Morfi y Cordero, como demandantes, contra The Fajardo Development Company, Isidra Cordero y Miranda, y Petronila, Felipe, Julio y Timoteo Morfi, como demandados": sustituídas las palabras demandante y demandado por las mismas en número plural y adicionada la alegación primera de la de-

manda con las siguientes palabras: ''Y las otras personas que que aparecen arriba como demandadas, lo han sido, por no poderse en este instante obtener su consentimiento para asociarse a los demandantes.''

La orden de la corte declarando con lugar la excepción previa de que se deja hecho mérito, hubiera podido ser revisada en grado de apelación interpuesta contra la orden denegatoria del *injunction* preliminar, si aquella orden hubiera servido de base o fundamento a ésta; pero lejos de ello, la parte demandante aceptó la orden de la corte inferior que declaró con lugar la excepción previa de defecto de partes demandantes, y con arreglo a dicha orden enmendó su demanda, sin que aquella orden haya influído en la resolución denegatoria del *injunction,* por lo cual entendemos que no es revisable en el presente recurso, con arreglo al artículo 305 del Código de Enjuiciamiento Civil.

Tampoco cometió la corte el 4°. error alegado.

La sección 8ª. de la ley especial de *injunction* aprobada en 8 de marzo de 1906, no fija plazo determinado para la vista *to show cause,* y por tanto la corte puede discrecionalmente fijar la fecha que crea conveniente y aun anteponer o posponer la ya señalada, según las circunstancias especiales del caso. En el presente ocurrió la particularidad de que después de hecho el señalamiento *to show cause,* se presentó moción para que el entredicho se dejara sin efecto, y había por tanto un motivo especial para que la vista *to show cause* y la de la moción tuvieran lugar en un mismo día, anteponiéndose la fecha primeramente señalada, cuyo cambio más bién había de causar perjuicio a la parte demandada que a la demandante, pues ésta, al presentar la demanda de *injunction,* indudablemente tendría estudiado y preparado el caso para ser tratado en la corte, lo que no sucedía con la parte demandada.

No era necesario que la notificación de la moción tendente a dejar sin efecto el entredicho se hiciera con cinco días de anticipación, según el artículo 317 del Código de Enjuiciamiento Civil, pues el procedimiento de *injunction* es especial

y sumarísimo, y no puede sujetarse estrictamente a todos los trámites del procedimiento ordinario.

Ni cometió error la corte o abusó de discreción al denegar la suspensión de la vista señalada para el día 6 de junio, por el fundamento de que la orden de señalamiento fué notificada personalmente a Joaquín German Morfi en la noche anterior y nó a sus abogados, quienes por tanto no estaban preparados para la defensa de los derechos de Morfi.

La suspensión de la vista fué denegada con razón, y la parte demandante no podía alegar indefensión, pues es de presumirse que estaba preparada para el debate desde que formuló su petición de *injunction,* y el hecho de haber propuesto prueba sin demostrar que hubiera dejado de proponer otras por falta de tiempo, revela que no hubo indefensión por parte de Morfi y que no sufrió perjuicio alguno con la negativa de suspensión.

Ni ha sido resuelto el pleito sobre sus méritos en la orden recurrida, según afirma la parte apelante al alegar el sexto motivo del recurso, pues como hemos dicho antes, por la orden recurrida sólo se declara sin lugar la orden de entredicho, y se deniega el *injunction* preliminar sin especial condenación de costas. La petición formulada en la demanda de que se pronuncie sentencia a favor del demandante y en contra de la corporación demandada, según hemos dicho antes, está aún pendiente de resolución, por más que es posible haya sido prejuzgada por la resolución recurrida. Para apreciar el alcance de una decisión judicial, debe tenerse en cuenta la parte dispositiva de la misma, y la sentencia recurrida, se limita a declarar sin lugar la orden de entredicho y a denegar el *injunction* preliminar.

Esa resolución se ajusta a derecho, y al expresarnos así, impugnamos el último motivo del recurso expresivo de que nada significa en contra del *injunction* solicitado, que la corporación demandada esté disfrutando desde hace algún tiempo el terreno en cuestión.

De las pruebas practicadas resulta que "Thé Fajardo De-

velopment Company'' hace más de cuatro años está en posesión del terreno de que se trata, y que sobre ese terreno ha construído parte de la línea de su ferrocarril, que hace el tráfico hasta la playa de Fajardo y *vice versa,* cuyo terreno forma parte de mayor cabida perteneciente a la sucesión de D. Bautista Morfi y Martínez, causante de los demandantes, basándose aquella posesión en documento privado alegado como título de compraventa.

Ante esos hechos, entendiendo como entendemos que la concesión de un *injunction* temporal descansa en la discreción de la corte, que esa discreción debe ejercitarse en favor de la parte que puede resultar más perjudicada, y que los mandamientos de *injunctions* no deben concederse sino con gran cautela y solamente en casos donde la razón y la necesidad sean claros, según ya dijimos al resolver en 12 y 31 de enero de 1906 los casos de *Amalio Pereira* v. *Paula Villafaña* y *Víctor Martínez* v. *María Moreno,* procede la confirmación de la orden apelada que dictó la Corte de Distrito de Humacao, en 7 de junio del año próximo pasado.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary firmó la sentencia haciendo constar estar conforme con ella, pero nó con todas las proposiciones enunciadas en la opinión.

El Juez Asociado, Sr. Aldrey, no tomó parte en la resolución de este caso.